### Semak v. Mason

*Russell C. Miller,* for plaintiffs.
*Rex Downie Jr.,* for defendants.

STEEGE, *J.,* January 21, 1987—Plaintiffs/appellants filed an appeal from a judgment of a district justice on November 25, 1986, and, by certified mailing dated December 5, 1986, sent notices of appeal to defendants/appellees and the district justice. Plaintiffs' proof of service of their notice of appeal was filed with the prothonotary on December 8, 1986.

Setting forth that plaintiffs had failed to file the proof of service of their notice of appeal within the five-day period provided for in Pa. R.C.P.D.J. 1005.B, on January 7, 1987, defendants struck the appeal from the record. See Pa.R.C.P.D.J. 1006.

Plaintiffs have moved the court to reinstate their appeal. They cite the discretion specifically vested in the court to do so under the terms of rule 1006 and the case of *Hyde v. Crigler,* 10 D.&C.3d 769 (1979). However, in *Hyde,* appellants sent the requisite notices of appeal by certified mail one day after the appeal had been filed. Waiting until they had received the certified mail return receipts, so as to be able to attach them to the proof of notice (which they did not need to do), appellants did not file their proof of notice until 13 days after the appeal had been filed. Appellee had the appeal strick-

en because of appellants' failure to file the proof of notice within the five-day period.

Judge Wettick held that the principal purpose of rule 1005.B is to provide the appellee and the district justice with prompt notice of the filing of the appeal, and found that prompt notice had been given. That the proof of notice of appeal had not been filed within the five-day period was not controlling. In ordering reinstatement of the appeal, Judge Wettick said:

"[W]here an appellant has timely served the notice of appeal and there is no dispute on this issue, none of the purposes of rule 1005 are furthered by penalizing the appellant who fails to file with the prothonotary proof of service within five days after filing the notice of appeal."[1] 10 D.&C.3d, at 774.

In the case at bar, the notices of appeal were not sent until 10 days after the filing of the appeal and the proof of notice until three days after that. *Hyde* does not stretch rule 1005.B. as far as plaintiffs would have us stretch it here. The "confusion which surrounds the holiday time period" is not "good cause" which would permit or require us to reinstate the appeal.

Plaintiffs' motion to reinstate their appeal is denied.

---

1. In so ruling, Judge Wettick expressly refused to follow a decision by the Honorable H. Beryl Klein, a former judge of this court, in *Voynik v. Davidson,* 69 D.&C.2d (1975), a case with relevant facts almost identical to those in *Hyde.* We respectfully disagree with our esteemed predecessor; we would follow Judge Wettick.